SOL. RUBENSTEIN, Appellant, v. IDA EDITH RUBENSTEIN, Respondent.

St. Louis Court of Appeals. Argued and Submitted April 6, 1911. Opinion Filed May 2, 1911.

DIVORCE: Denial of Divorce: Finding of Trial Court Approved. In an action for divorce, *held* that the decree of the trial court denying plaintiff a divorce was proper.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

Lyon & Swarts and Dwight D. Currie for appellant.

George W. Lubke, Geo. W. Lubke, Jr., and Stern & Haberman for respondent.

REYNOLDS, P. J.—Action for divorce instituted by the husband, as plaintiff against his wife. It is averred in the amended petition that the parties were married on May 22, 1907, and lived together until February 3, 1909, on which latter date plaintiff left his wife on the alleged ground that she had offered him such indignities as to render his condition in life intolerable, setting the indignities out at great length. The action was commenced on May 18, 1909, after suit had been instituted by the wife for the recovery of money loaned and for maintenance, the latter being the action heretofore passed on [ante page 195.] The answer was a general denial. This case was tried along with the action for maintenance above referred to, and at its conclusion the court dismissed the action. From this plaintiff duly perfected his appeal.

We refrain from setting out the evidence in the case for two reasons. In the first place its recital would furnish no guidance to the courts or counsel for the conduct of other cases of like nature; in the second place we see no reason why this young couple should not make up their differences and resume their marital relations, hence we decline to place among permanent public reports matters that may hereafter prove a source of mortification to these parties and tend to widen, instead of close, the breach between them. It is sufficient to say of the facts alleged to have occurred both before and after the institution of this action, that they are not of such a character as to furnish ground for a divorce. Neither of the parties seems to have had in mind one of the most essential of all maxims connected with the relation of husband and wife—what may be called the Golden Rule in marriage, "Bear and Forbear." Looking over the evidence in the case we will say that while it is very commendable for a husband to concentrate his thought and mind on his business to the exclusion of almost all other matters, he owes an equal, even a higher, duty to his wife. She is entitled not only to

support, but to his society. Nor is the wife to forget that when the husband returns from the labors of the day, he, very like the majority of men, may be inclined to be irritable and in such mental condition as to call for the exercise of wifely patience and forbearance. She too has had her worries. These are rather trite remarks. We make them with the hope of leading to a resumption of marital relations between these young people, who, judging from the evidence in the case, ought to lead a long and happy married life together. The decree of the circuit court dismissing plaintiff's petition is sustained. *Nortoni* and *Caulfield, JJ.*, concur.